101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gilbert YEARWOOD, Petitioner-Appellant,
v.
John P. KEANE, Superintendent, Green Haven Correctional
Facility, Respondent-Appellee.
 No. 95-2404.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 Appearing for Appellant:Jonathan C. Scott, Melville, N.Y.
 Appearing for Appellee:Joshua M. Levine, Ass't Dist. Att'y, Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 Before KEARSE, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Petitioner Gilbert Yearwood, a New York State prisoner convicted of various theft offenses, appeals from a judgment of the United States District Court for the Eastern District of New York, Charles P. Sifton, Chief Judge, denying his petition for habeas corpus. On appeal Yearwood pursues his contentions that his due process rights were violated by a showup identification of him by the complainant as the person who stole the complainant's car, and that the evidence was insufficient to support his conviction. Finding no merit in his contentions, we affirm the judgment.
 
 
 4
 The right to due process includes the right not to be the object of suggestive police procedures that create a very substantial likelihood of irreparable misidentification. See, e.g., Neil v. Biggers, 409 U.S. 188, 199-200 (1972); Stovall v. Denno, 388 U.S. 293, 302 (1967) (plurality opinion); United States v. Concepcion, 983 F.2d 369, 377 (2d Cir.1992), cert. denied, 114 S.Ct. 163 (1993); Jackson v. Fogg, 589 F.2d 108, 111 (2d Cir.1978). Even when the procedures used have been unduly suggestive, however, an in-court identification is admissible if the circumstances show that it is not the result of the unduly suggestive procedures but instead is independently reliable. See, e.g., Neil v. Biggers, 409 U.S. at 198-99; United States v. Concepcion, 983 F.2d at 377. The factors relevant to assessing reliability include (1) the witness's opportunity to view the criminal at the time of the crime, (2) the degree of the witness's attention, (3) the accuracy of the witness's prior description of the criminal, (4) the degree of certainty demonstrated by the witness at the improper confrontation, and (5) the length of time between the crime and the confrontation. See Neil v. Biggers, 409 U.S. at 199-200.
 
 
 5
 In the present case, all of these factors favored the finding of independent reliability. During the assault and robbery, the victim Soto looked his assailant in the face for up to six seconds; though it was night, there was a street light about two car lengths away, and Soto testified that he got "a good look at [his assailant's] face." The assailant also spoke to him, demanding his car keys, which allowed Soto to hear the assailant's voice. As a robbery victim, Soto had an interest in the event and reason to pay attention to his attacker. Soto described his attacker to the police as well-built, an inch or two shorter than himself, and with large eyes; he also described his assailant's clothing. Though the clothes Yearwood was wearing at the time of the showup were different, his build, 5'8"--three inches shorter than Soto--and 150 pounds, was consistent with Soto's description. Soto's identification of Yearwood at the showup, though ultimately quite positive, evinced thoughtful care rather than any instinctive reaction to seeing Yearwood in custody. When first asked whether one of the men entering Soto's car was his assailant, Soto responded that he was not sure because he could not see their faces. The officer did not suggest to Soto that Yearwood was his assailant; rather the officer emphasized that Soto "ha[d] to be a hundred per cent sure that this [wa]s the guy," stating that Yearwood maintained that the car had been given to him by someone else. Soto testified that after he then had the opportunity to see Yearwood's face, and heard Yearwood say to him, "you know I didn't do it," Soto recognized "the same voice that I had heard when I was being robbed"; recognized Yearwood's eyes, which Soto told the officer he would "never forget"; and "told the police officer that's him, that's definitely him." The elapsed time between the robbery and Soto's identification of Yearwood was no more than 40 minutes. We conclude that Soto's identification of Yearwood was independently reliable.
 
 
 6
 We reject Yearwood's challenge to the sufficiency of the evidence substantially for the reasons stated in Chief Judge Sifton's Memorandum and Order dated May 25, 1995.
 
 
 7
 We have considered all of Yearwood's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.